Germo Manufacturing Company v. St. Lucie County, a political subdivision.

176 So. 149.
Division A.
Opinion Filed September 20, 1937.

*Adams & Smith,* for Plaintiff in Error;

*Dewey Crawford,* for Defendant in Error.

BUFORD, J.—We review, on writ of error, judgment in favor of defendant on demurrer sustained to replication to pleas.

The declaration was in assumpsit and was couched in common counts and alleged indebtedness for various sums for goods bargained, sold and delivered by plaintiff and its several alleged assignors to defendant.

Suit was filed October 24, 1934.

Statements of accounts rendered by plaintiff and by its several assignors were attached to and made a part of the declaration. The latest date of any item on any such statements was November 30th, 1931.

This item was included in account of Consolidated Laboratories which reflected three purchases, one amounting to $161.73 dated January 11, 1930, one amounting to $168.53 dated August 31, 1931, and one amounting to $167.42 dated November 30, 1931, making a total of $497.68 on which a credit of $147.98 had been allowed, leaving a balance due of $349.70.

Defendant filed three pleas. The first alleged defendant never was indebted as alleged. The second alleged defend-

ant did not promise as alleged and the third invoked the three-year period of the Statute of Limitations.

Plaintiff filed replication and later filed amended replication, as follows:

"Comes now the plaintiff, by its undersigned attorney, and for an amended replication to the third plea filed herein, says: That on March 23rd, A. D. 1932, before the statute of limitations had run against the cause of action declared upon in each and every count of the plaintiff's declaration, and within three years prior to the date of the institution of this action, the said defendant in consideration of the then existing indebtedness between said parties, by its duly authorized officer and agent acknowledged and promised in writing to pay said indebtednesses in the amount as set forth in each and every count of the declaration respectively, as is more particularly shown by a true copy of said acknowledgments and promises attached to the original replication to the third plea heretofore filed herein and marked exhibits 'A,' 'B,' 'C,' and 'D,' respectively, said exhibits being hereby made a part hereof, and as is more particularly shown by a true copy of a resolution passed by the Board of County Commissioners of St. Lucie County, Florida, attached hereto and marked exhibit 'E' and hereby made a part hereof; that P. C. Eldred, Clerk of Circuit Court, was the Clerk of the Board of County Commissioners of St. Lucie County at the time of the purchase of the goods and merchandise represented in the account sued upon in each and every count of the declaration; that for sometime prior to the date of said resolution the defendant through the Board of County Commissioners of St. Lucie County, Florida, knowingly permitted P. C. Eldred, Clerk of the Circuit Court of said county, to purchase equipment and supplies for the use in the court house and

jail of said county and the said defendant through the said Board of County Commissioners did on frequent occasions prior to passing said resolution approve and pay bills incurred by said P. C. Eldred, Clerk of the Circuit Court of said county, covering purchases of such equipment and supplies; that the goods and merchandise represented in the account sued upon in each and every count of the declaration was equipment and supplies used in the court house and jail of St. Lucie County, Florida; that the said defendant prior to the institution of this suit has had sufficient funds available and applicable thereto to pay these accounts.

"Wherefore plaintiff alleges that said causes of action and each of them is not barred by the statute of limitation."

Attached to and made a part of the original replication were Exhibits 'A,' 'B,'.'C,' and 'D,' as follows:

"Exhibit 'A'

"March 23rd, 1932.

"ST. LUCIE COUNTY

"State of Florida, County St. Lucie.

"I, P. C. Eldred, Clerk Circuit Court, in and for said County and State, do hereby certify that the account with the Germo Manufacturing Company in the sum of $704,30 has been approved by the Board of County Commissioners and will be paid as soon as funds are available.

"P. C. ELDRED, *Clerk, Circuit Court.*

"(Circuit Court Seal)

"Exhibit 'B'

"March 23rd, 1932.

"ST. LUCIE COUNTY

"State of Florida, County St. Lucie.

"I, P. C. Eldred, Clerk·Circuit Court, in and for said County and State, do hereby certify that the account of

the Consolidated Laboratories in the sum of $349.70 has been approved by the Board of County Commissioners and will be paid as soon as funds are available.

"P. C. Eldred, *Clerk, Circuit Court.*
"By H. B. Lush, D. C.
"(Circuit Court Seal)

### "Exhibit 'C'
#### "st. lucie county

"March 23rd, 1932.
"State of Florida, County St. Lucie.

"I, P. C. Eldred, Clerk of the Circuit Court in and for said County and State, do hereby certify that the account with the Worrell Manufacturing Company in the sum of $368.53 has been approved by the Board of County Commissioners and will be paid as soon as funds are available.

"P. C. Eldred, *Clerk, Circuit Court.*
"By H. B. Lush, D. C.
"(Circuit Court Seal)

### "Exhibit 'D'
#### "st. lucie county

"March 23rd, 1932.
"State of Florida, County St. Lucie.

"I, P. C. Eldred, Clerk Circuit Court in and for said County and State, do hereby certify that the account of the Universal Laboratories in the sum of $269.64 has been approved by the Board of County Commissioners and will be paid as soon as funds are available.

"P. C. Eldred, *Clerk, Circuit Court.*
"By H. B. Lush, D. C.
"(Circuit Court Seal)"

Attached to and made a part of the amended replication was Exhibit "E" as follows:

"Exhibit 'E'

"May 21st, 1929.

* * *

"On motion duly made, seconded and carried, the following resolution was adopted:

"*Resolved,* that the Clerk of this Board is hereby made exclusive purchasing agent of this Board for all equipment and supplies used in the Court House and Jail, and

"*Resolved,* further, that County officers and employees shall in the future make written requisitions for such equipment and supplies to the Clerk of this Board."

Demurrer to the amended replication was interposed and sustained. By stipulation pleas 1 and 2 were withdrawn. This left only the plea invoking the three-year statute of limitation. Plaintiff declining to plead further, judgment was entered in favor of defendant.

The allegations of the replication as well as the amended and second amended replication, which we have quoted above, are insufficient to show authority in the Clerk of the Circuit Court to bind the county in such manner as to toll the running of the statute of limitations and, therefore, as to each of the accounts, no part of which accrued within the period of three years prior to the institution of suit, the replications were insufficient to show a tolling of the statute of limitations.

As to the account of Consolidated Laboratories, however, the last items of which were alleged to have been within the period of three years prior to the date of institution of suit, no tolling of the statute by new promise to pay was necessary. As to this item the declaration and

the third plea presented a justiciable issue triable by jury and, therefore, the court erred in entering judgment for the defendant.

The judgment is reversed with directions that further proceedings be had in due course.

So ordered.

Reversed.

ELLIS, C. J., and TERRELL, J., concur.

WHITFIELD, P. J., and BROWN and CHAPMAN, J. J., concur in the opinion and judgment.